UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0064 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| ZACHARI ALLEN KOZAR, | |
| Defendant. | |

---

Zachari Allen Kozar, defendant, pro se.

Defendant Zachari Allen Kozar pleaded guilty to one count of conspiracy to distribute methamphetamine.  The presentence report ("PSR") found Kozar responsible for 234.37 grams of actual methamphetamine, resulting in a base offense level of 32 under USSG § 2D1.1(c)(4).  Kozar's adjusted offense level was 29 and his criminal-history category was VI, leaving him with a recommended imprisonment range of 151 to 188 months.  On October 12, 2018, the Court sentenced Kozar to 170 months in prison and 5 years of supervised release.  *See* ECF No. 52.  Kozar did not appeal.  (In his plea agreement, Kozar waived his right to appeal a sentence of less than 188 months' imprisonment.  *See* ECF No. 39 ¶ 10.)

This matter is now before the Court on Kozar's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Specifically, Kozar seeks to be sentenced to the mandatory minimum for his offense.  *See* Mot. 13, ECF No. 55.  For the

reasons set forth below, the motion is denied.  Because the record conclusively demonstrates that Kozar is not entitled to relief, no hearing is necessary.  *See* Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Kozar's argument for relief is brief.  As the sole basis for his motion, Kozar cites the partial case caption for a recent district-court opinion, *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022).  *See* Mot. ¶ 12.  In that case, a federal district judge in the Southern District of Mississippi declined to apply the USSG's recommended base offense level for pure methamphetamine when sentencing a defendant, finding that "there is no empirical basis for the Sentencing Commission's 10-to-1 weight disparity between actual methamphetamine and methamphetamine mixture." *Robinson*, 2022 WL 17904534, at *3 (citations omitted).  As the *Robinson* court saw it, the "on-the-ground reality in methamphetamine cases" is that "purity is no longer probative of the defendant's culpability," making the Commission's sentencing recommendations for meth offenses less than persuasive.  *Id.*

In support of this lone ground for relief, Kozar asserts that he was indicted for conspiracy to distribute 500 grams or less of a methamphetamine mixture, but sentenced under the "pure meth" guideline because of the lab results on the methamphetamine for which he was held responsible.  That is not quite right.  Kozar

was indicted for conspiracy to distribute 500 grams or *more* of a methamphetamine mixture. *See* ECF No. 1. That indictment was dismissed after he pleaded guilty to an information charging him with conspiracy to distribute 50 grams or more of (pure) methamphetamine. Both drug quantities are subject to the penalties set forth in 21 U.S.C. § 841(b)(1)(A)(viii). In any event, the Court understands Kozar to be arguing that it should have applied the reasoning of *Robinson* when sentencing him—i.e., that the Court should have used its discretion under 18 U.S.C. § 3553(a) to apply the lower base offense level that applies to methamphetamine mixtures rather than the higher base offense level that applies to pure methamphetamine.

As an initial matter, the Court notes that Kozar's motion was filed much too late. A § 2255 motion must be filed within one year of the date on which the judgment of conviction becomes final, subject to certain exceptions. *See* 28 U.S.C. § 2255(f). Kozar was sentenced on October 12, 2018, *see* ECF No. 52, but he did not file his § 2255 motion until more than four years later, on April 28, 2023. *See* ECF No. 55. To explain this delay, Kozar writes "Per Ruling of Supreme Court" and again lists the case caption for *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, (S.D. Miss.). Section 2255(f) does allow for claims made within a year of a right having "been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). But *Robinson* is a district-court opinion, not a Supreme Court opinion.

In any event, even if Kozar's motion were timely, the Court would reject it. At the sentencing hearing, Kozar's attorney made precisely the argument that Kozar now makes in his § 2255 motion, the Court rejected it, and the Court explained why. The fact that a different judge in a different case accepted a similar argument does not make Kozar's sentence unlawful. Kozar has simply complained that, in applying the § 3553(a) factors to different defendants in different cases, different judges exercised their discretion differently. Far from being illegal, that is what is *supposed* to happen. For that reason, Kozar's § 2255 motion is denied. *See United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018) (holding that a district court acted within its discretion when it considered and rejected defendant's argument that it should vary downward based on a policy disagreement with the methamphetamine guidelines).

The Court also notes that, even if the Court had somehow abused its discretion in choosing not to apply the lower "meth mixture" guideline, that error would not have harmed Kozar. At Kozar's sentencing hearing, the Court explained at great length why it had decided on a sentence of 170 months. The Court noted that Kozar had one of the worst criminal records that the Court had ever seen. The Court pointed out, among many other things, that it took the author of Kozar's PSR 56 paragraphs spread over 26 pages just to describe all of Kozar's encounters with the law.

The Court also described how Kozar had begun selling methamphetamine within three months of being released from federal prison and while on supervised release.  The Court explained that, during his entire time on supervised release, Kozar displayed a terrible attitude, violated numerous instructions from his probation officer, committed multiple violations of the terms of his supervised release, and made it clear that he had no interest in living a productive and law-abiding life.  And the Court pointed out that even after Kozar was arrested for distributing methamphetamine, he continued to direct his girlfriend from jail to collect his drug debts.

The Court need not go on.  The bottom line is that, in sentencing Kozar, the Court gave little weight to the recommendation of the Sentencing Guidelines and substantial weight to the other § 3553(a) factors.  Even if the Court had used its discretion to treat Kozar as though his Guidelines range were lower, his ultimate sentence would have been the same.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Zachari Allen Kozar's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 55] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 16, 2023                               s/Patrick J. Schiltz
                                                    Patrick J. Schiltz, Chief Judge
                                                    United States District Court